UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-02371-MJ-GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ULISES MARTINEZ-FABELO,

    Defendant.
_____/

## ORDER GRANTING IN PART

## MOTION FOR RETURN OF DEFENDANT'S BOND AND PROPERTY

This cause is before the Court on Defendant Ulises Martinez-Fabelo's Motion and Amended Motion for Return of Defendant's Bond and Property. [ECF Nos. 38; 39]. In the motions, Defendant states that the government declined to prosecute him, that he complied fully with all conditions of his appearance bond, but that his attempts to obtain the prosecutor's cooperation with regard to return of the bond money and property have failed.[1] Defendant filed these motions on May 30, 2012 and the docket indicates that the charges against Defendant were dismissed on April 11, 2012. [ECF No. 37].

In its response dated June 15, 2012, the government represents that it does not oppose release of the bond money and return of Defendant's personal property.[2] [ECF

---

[1] Defendant states that the bond was for $4,000.00 and lists the property as a "GMC 2002 truck, vin #1GTJC33U2F122666, one 1997 29ft Wellcraft vessel w/inventory Fl #2369JS. [sic] One boat trailer Lic. Plate #BBGY57, as well as the Defendant's driver license, permanent resident card, Social Security Card and other cards and documents taken from the Defendant at the time of his arrest." [ECF No. 39, p. 2].

[2] The government did not respond to the motion by the original deadline set by the Court. In response to an Order to Show Cause, the prosecutor apologized and represented that he was simply not aware of the motion and Order to Show Cause

No. 45]. However, the government *does* oppose return of the the GMC 2002 truck, the 1997 29-foot Wellcraft vessel, and the boat trailer because these items are currently the subject of administrative forfeiture proceedings by the Department of Homeland Security. The government also represented that it advised defense counsel of these positions, that defense counsel was instructed to contact the case agent to arrange for return of the personal property, and that the prosecutor was unaware the agent had not returned the property.

Notwithstanding the government's stated positions, on June 20, 2012 – an additional five days after the government filed its response and more than two months since the charges were dismissed – Defendant filed a reply indicating that both the prosecutor and the case agent were *still* not cooperating on the return of the bond money and the unopposed property. [ECF No. 48]. Defendant also questions in his response the basis for forfeiture of the truck.

As an initial matter, this Court notes that it will not intervene in the administrative forfeiture proceeding. No party has presented the Court with any information regarding, or valid basis to become involved in, that matter. Therefore, the Court **DENIES** the motion to the extent it requests return of the GMC 2002 truck, the 1997 29-foot Wellcraft vessel, and the boat trailer.

However, the Court **GRANTS** the motion with respect to the bond money and the remaining items of personal property. Within **TEN DAYS** of this order, the prosecutor and the case agent shall cooperate to whatever necessary extent with Defendant, his counsel, and/or Defendant's wife with regard to the return of the bond money and

---

because he inadvertently neglected to file a formal notice of appearance in this case (and therefore was not on the service list). The Court accepts this explanation.

2

personal property items. It appears that the prosecutor only needs to sign and to file, or to sign and to return to defense counsel, the appropriate form motion for return of the bond money and that the case agent only needs to deliver custody of the personal property to Defendant. However, because it appears undisputed that the government is responsible for the continued (unexplained) delay, the Undersigned shall impose no limitations on the responsibility of the government in ensuring that the requirements in this order are satisfied within ten days.[3] The prosecutor assigned to this case shall serve a copy of this order by email or courier on the responsible case agent within **TWO DAYS** of today's date.

The government shall file a notice of compliance with this order outlining its compliance with this order, or *explaining in detail* its failure to do so, within the earlier of **FIVE DAYS** after compliance or **FIVE DAYS** after expiration of the ten-day period for compliance.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 27th day of June, 2012.

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

**All counsel of record**

---

[3] The prosecutor indicated in the response that he was simply "unaware the agent had not contacted counsel to return the defendant's personal effects" but he did not explain the agent's failure to do so. Moreover, the prosecutor did not address at all the reason for his failure to cooperate in securing release of the bond money despite the government's non-opposition to that request.

3